9812.  KENNEDY *v.* SMITH.

"1. Where one occupies land under a bond for title, builds thereon a
dwelling-house, and subsequently (but before the entire purchase-price
of the land has been paid) detaches the house from the land and attaches
it to other land not belonging to the owner of the land upon which
the house was first erected, and such owner brings an action in trover
to recover the house, and his only way to show his title to the house,
or his right of possession thereto, is by showing his title to the land
upon which it was first built, this is not a 'case respecting title to
land.'  Proof of title in such a case can not·affect the ownership of
the land.  It is pertinent alone as a basis for the recovery of the
chattel.  Anything detached from the realty becomes personalty instant-
ly.  Civil Code, § 3622.

"2. An action of trover will lie to recover a dwelling-house which was detached from the land under circumstances as stated in the preceding headnote, although subsequently (but before the bringing of the suit) it was attached to the land of the wrong-doer. *Wood* v. *McCall*, 67 *Ga.* 506; Michigan Mutual Life Ins. Co. *v.* Cronk, 93 Mich. 49 (52 N. W. 1035). See Ogden *v.* Stock, 34 Ill. 522 (85 Am. D. 332, and annotations)." *Kennedy* v. *Smith*, 149 *Ga.* (99 S. E. 27).

3. Under these rulings the court did not err in overruling the motion to dismiss the action in ˅trover, or in overruling the motion by · the defendant to dismiss the bond required of him.

4. The court did not err in overruling the motion for a new trial.

DECIDED MAY 13, 1919.

Trover; from Evans superior court—Judge Sheppard. March 25, 1918.

*W. B. Stubbs,* for plaintiff in error.

*M. A. Smith Jr., P. M. Anderson,* contra.

BROYLES, P. J.  Certain questions involved in this case were certified by this court to the Supreme Court, and the first and second headnotes contain the answers of that court. The special grounds of the motion for a new trial are without merit; the evidence authorized the verdict, and the court did not err in refusing to grant a, new trial.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*