### 15126. WARE *v.* THE STATE.

Conceding (but not deciding) that a coffin, after it has been placed in the grave and the grave refilled, becomes a part of the realty, the coffin, when removed from the grave, instantly becomes personalty and can be the subject-matter of larceny, provided it be of some value and

is the property of some living person. In such a case the coffin is the property of the person who furnished it and who buried the deceased.

DECIDED JANUARY 16, 1924.

Indictment for larceny; from Fulton superior court—Judge W. E. Thomas presiding. September 29, 1923.

*Thomas B. Brown,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *E. A. Stephens, Ralph H. Pharr,* contra.

BROYLES, C. J. The accused was convicted of simple larceny. The evidence, together with the legal inferences arising therefrom, authorized a finding that the accused was a negro undertaker, and that he was a dealer in second-hand coffins (coffins in which persons had been buried); that in the instant case he gave $10 to two grave-diggers in a negro cemetery to dig out a grave in which a woman had been recently buried and to take therefrom the coffin or casket, the dead body being left in the grave; that the coffin, after it was removed from the grave, was carried from the cemetery by the accused, with the intent of selling it to some other person in the course of his business as an undertaker; that the coffin was the property of one Clement Perry, who furnished it and buried the deceased, and who was a living person and the husband of the deceased; that the coffin when placed in the grave had a value of $125, and that it was worth at least $10 when stolen by the accused.

Conceding (but not deciding) that the coffin, after it was placed in the grave and the grave refilled, became a part of the soil, the coffin, when removed from the grave, was detached from the realty and immediately became personalty, and could be the subject-matter of larceny. See, in this connection, Penal Code of 1910, § 167; *Beall* v. *State,* 68 *Ga.* 820 (2); *Kennedy* v. *Smith,* 23 *Ga. App.* 724 (1) (99 S. E. 318).

Under the common law it is a larceny to steal a coffin in which the remains of a human being are interred, and that rule is not changed by any statute of this State. In such a case the coffin is the property of the person who furnished it and had the deceased interred, and he does not abandon the property or part with the title to it when he has the remains interred. State *v.* Doepke, 68 Mo. 208.

Under the facts of the case there is no substantial merit in the contention of counsel for the accused that there is a material difference in the meaning of the words "casket" and "coffin," and,

therefore, that the allegations of the indictment which charged the larceny of a "casket" were not supported by proof of the larceny of a "coffin." Upon the trial some of the witnesses referred to the subject-matter of the larceny as a "casket," while others spoke of it as a "coffin." It is true that a "casket" is not necessarily a "coffin," but the dictionary gives "coffin" as one of the definitions of the word "casket," and if the accused desired to know with certainty what particular kind of casket he was charged with stealing he should have interposed a timely and appropriate special demurrer to the indictment, and, not having done so, he will not be heard to assert, after the trial, that the allegations of the indictment were insufficient to put him on notice that he was charged with the larceny of a coffin.

The motion for a new trial contained only the usual general grounds; the verdict was authorized by the evidence, and the court did not err in refusing the grant of a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*